IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                          No. CIV-05-0008 JB/WDS
                                                                             CR-03-1760 JB

JOSE ROSA BAEZA-MEZA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, sua sponte under 28 U.S.C. § 2255 r. 4(b), for preliminary consideration of the Defendant's second amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 6; CR Doc. 25) filed March 11, 2005 (hereinafter the "motion"). The motion supersedes the Defendant's original and first amended motions. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)).

On March 4, 2004, the Court entered judgment against Defendant, sentencing him to a 37-month prison term on his conviction for reentry by an alien previously convicted of an aggravated felony. *See* 8 U.S.C. § 1326(a)(1)-(2), (b)(2). The Defendant asserts three claims based on allegations of ineffective assistance of counsel at sentencing, the Court's failure to comply with certain procedural rules, and illegal sentence under *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005).

The Defendant first alleges that his attorney failed to read or explain the presentence report ("PSR") to the Defendant before sentencing, or to argue against a 16-point increase in the offense level. "To establish ineffective assistance of counsel, a defendant must show both that his counsel's

performance was constitutionally deficient, and that this deficient performance prejudiced him." *United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999). The Court "may address the performance and prejudice components in any order, but need not address both if [the Defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

Even assuming for purposes of this order that the Defendant accurately describes his attorney's conduct, the motion makes no showing of prejudice. The Defendant pleaded guilty to the information, and the PSR made no recommendation for enhancements except on Defendant's admissions. The Court imposed Defendant's sentence on February 12, 2004, under the applicable 2003 edition of Sentencing Guidelines Manual. *See* 18 U.S.C. § 3553(a)(4)(A)(ii); *United States v. Swanson*, 360 F.3d 1155, 1166 (10th Cir. 2004). The 2003 Manual specifically calls for a 16-point enhancement for the Defendant's prior drug conviction. *See* U.S.S.G. § 2L1.2(b)(1)(A); *see also Almendarez-Torres v. United States*, 523 U.S. 224, 246-47 (1998) (allowing enhancement of a sentence based on prior convictions); *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731 n.1 (10th Cir. 2005). Before sentencing, the Defendant objected to the Presentence Report's calculation of his criminal history, although he did not argue that the prior offense did not occur. The Defendant makes no showing of prejudice, and the Court will dismiss his motion to the extent it is based on a claim of ineffective assistance of counsel.

The Defendant next contends that the Court violated rule 32(C) [sic] of the Federal Rules of Criminal Procedure during sentencing. He alleges that the Court did not inquire whether the Defendant and counsel had read and discussed the PSR. He also alleges that the Court did not ask if the Defendant understood "what was going on that date." As indicated below, the transcript of the

Defendant's sentencing hearing contradicts these allegations.

At his sentencing hearing, the Court first swore in Mr. Thompson as an interpreter. Transcript of Hearing at 2:1-5 (February 12, 2004) (hereinafter "Transcript"). The Court then asked Baeza-Meza whether he understood what the Judge was saying through the interpreter.

> THE COURT: Mr. Baeza-Meza, we are talking through Mr. Thompson, who is translating my English into Spanish. Do you understand what the Court is saying to you this morning?
>
> THE DEFENDANT: Yes.

Transcript at 2:19-22; *see also* 13:18-22, 14:1-2. The Court then asked whether Baeza-Meza had reviewed the Presentence Report that the United States Probation Office had prepared:

> THE COURT: All right. Mr. Baeza-Meza, have you reviewed the presentence report that was prepared by the probation office in your matter?
>
> THE DEFENDANT: Yes.
>
> THE COURT: All right. And Mr. White, have you reviewed that with Mr. Baeza-Meza?
>
> MR. WHITE: Yes, I have, Your Honor.

Transcript at 2:23-25, 3:1-4. The Court also discussed Baeza-Meza's appellate rights and asked whether he understood those rights:

> THE COURT: Mr. Baeza-Meza, do you understand your rights to appeal, if they still exist after this plea agreement?
>
> THE DEFENDANT: Yes.

Transcript at 12:17-19. The transcript demonstrates that Defendant's allegations of judicial error provide no support for a claim under § 2255.

Last, the Defendant contends that his sentence is illegal under *United States v. Booker*, ---

3

U.S. ---, 125 S. Ct. 738 (2005).  The *Booker* decision applies only to pending cases and those on direct review.  *See Booker*, --- U.S. at ---, 125 S. Ct. at 769; *United States v. Meza-Hernandez*, No. 04-4295, 2005 WL 1231927, slip ord. at 4 (10th Cir. May 25, 2005) (noting that *Booker* does not apply retroactively after a conviction is final); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005).  The Defendant's conviction became final when the Court entered judgment on March 4, 2004,[1] and he may not obtain relief under the *Booker* ruling in this collateral proceeding.   The Court will dismiss the Defendant's motion.

**IT IS THEREFORE ORDERED** that the Defendant's second amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 6; CR Doc. 25) filed March 11, 2005, is DISMISSED with prejudice; and, pursuant to rule 58(a)(2)(A)(iii) of the Federal Rules of Civil Procedure, *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Even if the time for filing an appeal postponed the finality of the Defendant's conviction, *see United States v. Burch*, 202 F.3d 1274, 1276 (10th Cir. 2000) ("[Conviction] could also become final when . . . the time for an appeal expires."), his case was not pending or on direct review when *Booker* was decided on January 12, 2005.